IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

L. QIYAM POGUE, et al.,

        Plaintiffs,                      No. CIV S-05-1873 MCE GGH P

    vs.

JAMES E. TILTON, Acting Secretary of
the California Department of Corrections
and Rehabilitation, et al.,              ORDER

        Defendants.

_____/

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. By <u>Order</u>, filed on October 13, 2005, plaintiffs were granted leave to proceed in forma pauperis. Upon screening the complaint the court determined that the case, in which multiple co-plaintiffs purported to be bringing a class action, might be appropriate for appointment of counsel; however, voluntary counsel could not be procured. <u>See</u> <u>Orders</u>, filed on October 13, 2005, and on January 13, 2006.[1] Thus, plaintiff was informed that counsel could not be procured and plaintiffs would have to continue pro se. Also, in the January 13, 2006, <u>Order</u>, service was

---

[1] The court stated that voluntary counsel had been unsuccessfully sought both from the King Hall Civil Rights Clinic and from the Prison Law Office in San Quentin. <u>Order</u>, filed on 1/13/06, p. 1.

1

1  found appropriate upon Jeanne Woodford, then director of the California Department of
2  Corrections (now California Dept. of Corrections and Rehabilitation) (CDCR).  Plaintiff Pogue
3  was directed to return the appropriate forms for service.  By <u>Order</u>, filed on February 24, 2006,
4  the court directed service upon defendant Woodford, and a waiver of service was thereafter
5  returned executed and filed in this court on May 1, 2006.  Defendant Woodford file a "waiver of
6  reply and demand for jury trial" on April 28, 2006.  By <u>Order</u>, filed on September 8, 2006,
7  plaintiff's motion to substitute the proper party in an official capacity, was granted pursuant to
8  Fed. R. Civ. P. 25(d), and James E. Tilton, Acting Secretary of CDCR was substituted in as
9  defendant, in his official capacity for defendant Woodford, only in her official capacity.  The
10 court noted that plaintiffs sought both prospective injunctive relief and money damages and that
11 plaintiff's motion had sought to name Roderick Hickman as defendant Woodford's successor;
12 however, the undersigned determined that it was Secretary Tilton who was at that point the
13 appropriate party to be substituted in as successor.

14          By <u>Order</u>, filed on October 17, 2006, the court, inter alia, reiterated that it had
15 been unable to locate voluntary counsel for plaintiff and set forth that it had no alternative but to
16 deny plaintiff Pogue's subsequent request for assistance in locating an attorney.  As to plaintiff's
17 putative motion, pursuant to Fed. R. Civ. P. 23, it was noted therein that no appropriate motion
18 for class certification had been made.  Plaintiff was informed that it was unlikely that this matter
19 could be certified as a class action; that the action would not be presently construed as a class
20 action and that the matter would proceed solely as an individual action brought by plaintiff
21 Pogue.  The court also stated the following:

> Despite the efforts of the undersigned, as noted, voluntary counsel could not be secured in this case, where eight other Muslim inmates have sought to join plaintiff in this action alleging violations of their constitutional right to practice their religion, as well as violations under RLUIPA (Religious Land Use and Institutionalized Persons Act, codified at 42 U.S.C. § 2000cc). Thus, plaintiff Pogue is a non-lawyer proceeding without counsel. It is well established that a layperson cannot ordinarily represent the interests of a class. <u>See</u> <u>McShane v. United States</u>, 366 F.2d

286 (9th Cir. 1966).  This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se.  Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975).  In direct terms, plaintiff cannot "fairly and adequately protect the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure.  See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976).  Plaintiff's privilege to appear in propria persona is a "privilege ... personal to him.  He has no authority to appear as an attorney for others than himself."  McShane v. U. S., 366 F.2d 286, 288 (9th Cir.1966), citing Russell v.United States, 308 F.2d 78, 79 (9th Cir. 1962); Collins v. O'Brien, 93 U.S.App.D.C. 152, 208 F.2d 44, 45 (1953), cert. denied, 347 U.S. 944, 74 S.Ct. 640 (1954).

Order, filed on 10/17/06, pp. 1-2.

Notwithstanding the order of the undersigned that this case would proceed with plaintiff Pogue as the single plaintiff, the plaintiff has now filed a proposed first amended complaint, naming himself and seven other parties as plaintiffs in the case caption.[2]  The Federal Rules of Civil Procedure provide that a party may amend his or her pleading "once as a matter of course at any time before a responsive pleading is served."  Fed. R. Civ. P. 15(a).  However, an amended or supplemental complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended pleading is filed, the original pleading no longer serves any function in the case.  Id.; see also E.D. Local Rule 15-220.   Therefore, this matter will now proceed on the first amended complaint, filed on April 19, 2007.  The February 9, 2007, scheduling order in this matter will be vacated.

This court has determined that each plaintiff should proceed separately on his own claim.  The Federal Rules of Civil Procedure provide "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just.  Any claim against a party may be severed and proceeded with separately."  Fed. R. Civ. P. 21.  Courts have broad discretion regarding severance.  See Davis v. Mason

---

[2] The court notes that plaintiff has named in the first amended complaint, seven additional co-plaintiffs, rather than the original eight additional parties he named as co-plaintiffs in the original complaint.  M. Sirat is no longer named as a plaintiff in the superseding first amended complaint.

3

County, 927 F.2d 1473, 1479 (9th Cir. 1991).

In the instant action, plaintiffs are individuals in the custody of the California Department of Corrections and Rehabilitation, variously presently confined at Pleasant Valley State Prison (PVSP) in Coalinga, Sierra Conservation Center-Jamestown (SCC), or California State Prison-Solano (CSP-Sol). In this court's experience, an action brought by multiple inmate plaintiffs proceeding pro se presents procedural problems that cause delay and confusion. Delay often arises from the frequent transfer of inmates to other facilities or institutions (and in this case, the supposed co-plaintiffs are housed in at least three separate facilities), the changes in address that occur when inmates are released to parole, and the difficulties faced by inmates who attempt to communicate with each other and with unincarcerated individuals.

Accordingly, the court will order that plaintiffs' claims be severed. Plaintiff Pogue will proceed in this action, while plaintiffs Askia Ashanti; A. Baker; H. Khan; William Bonner; L. Green, Gregory Scott and K. Shaheed will proceed in seven (7) separate civil actions to be opened by the Clerk of the Court. Each plaintiff will proceed with his own action and will be solely responsible for his own action.

The Clerk of the Court will be directed to assign the new actions to the same district judge and magistrate judge assigned to the instant action. The Clerk of the Court shall make appropriate adjustment in the assignment of civil cases to compensate for this reassignment.

As stated, plaintiffs have previously been granted leave to proceed in forma pauperis. See Order, filed on 10/13/05. Each plaintiff will be given thirty days to file, in his own action, a second amended complaint, using the complaint form to be provided to each by the court with this order.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The request, filed on April 19, 2007, for leave to proceed on a first amended complaint is granted pursuant to Fed. Rule 15(a), and the amended complaint is deemed filed,

4

1  nunc pro tunc, on April 19, 2007.

2      2. The February 9, 2007, scheduling order is hereby vacated;

3      3. The claims of plaintiffs Askia Ashanti; A. Baker; H. Khan; William Bonner; L. Green, Gregory Scott and K. Shaheed are severed from the claims of plaintiff Pogue;

4      4. Plaintiff Pogue shall proceed as the sole plaintiff in case No. CIV S- 05-1873 MCE GGH P;

5      5. The Clerk of the Court is directed to:

        a. Open seven (7) separate civil actions for plaintiffs Askia Ashanti; A. Baker; H. Khan; William Bonner; L. Green; Gregory Scott; K. Shaheed;

        b. Assign each action to the district judge and magistrate judge to whom the instant case is assigned and make appropriate adjustment in the assignment of civil cases to compensate for such assignment;

        c. File and docket a copy of this order in each of the seven (7) files opened for the plaintiffs listed in number 3a above;

        d. Place a copy of the first amended complaint by a prisoner, filed April 19, 2007, in each of the seven files opened for the plaintiffs listed in number 3a above;

        e. Strike from the caption of each plaintiff's first amended complaint all plaintiffs' names except the name of the individual plaintiff proceeding in the action;

        f. Send each plaintiff an endorsed copy of his first amended complaint bearing the amended caption and the case number assigned to his own individual action.

    6. Each plaintiff's first amended complaint is dismissed, but each plaintiff has previously been granted leave to proceed in forma pauperis;

\\\\\

7. The Clerk of the Court is directed to send each plaintiff a new form for filing a civil rights action under 42 U.S.C. § 1983; and

8. Each plaintiff is granted thirty days from the date of service of this order to file a second amended complaint. Each plaintiff's documents must bear the docket number assigned to his own individual case, and each second amended complaint must be labeled "Second Amended Complaint." Each plaintiff must file an original and two copies of his second amended complaint. Failure to file a second amended complaint in accordance with this order will result in a recommendation that the plaintiff's action be dismissed.

DATED: 4/30/07

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
pogu1873.ord