1
2
3
4
5
6
7

8                     IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ASKIA S. ASHANTI,

11            Plaintiff,                  No. CIV S-07-0807 MCE GGH P

12        vs.

13   JAMES E. TILTON,                     ORDER &

14            Defendant.                  FINDINGS AND RECOMMENDATIONS

15   _____/

16   Introduction

17            Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action

18   filed pursuant to 42 U.S.C. § 1983.  Pending before the court 1) is defendant's motion to dismiss,

19   filed on 3/18/08 (#12), to which plaintiff filed his opposition and defendant filed a reply; and 2)

20   plaintiff's motion for a scheduling order and a preliminary injunction, filed on 3/19/08 (#13) (and

21   supp. mtn. filed on 5/07/8 (# 16).

22   Background

23            This action had its origins with the filing, on 9/19/05, of Pogue v. Woodford, et

24   al., CIV-S-05-1873 MCE GGH P, of which this court takes judicial notice.[1]  In the Pogue

25   _____

26        [1] Judicial notice may be taken of court records.  Valerio v. Boise Cascade Corp., 80
     F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126

                                          1

complaint, plaintiff was one of a number of co-plaintiffs.  In that action, at least eight inmates at various state prisons, claimed that state prison practices and policies violated their right to practice their Muslim religion under the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), primarily seeking injunctive relief.[2]  On 10/13/05, having determined that the Pogue case might be appropriate for appointment of counsel, the court referred it to the King Hall Civil Rights Clinic for their review.  In an Order, filed on 1/13/06, the undersigned, noting that the time for the clinic's response had long expired with no response whatever, stated that an inquiry on behalf of the court had thereafter been made to the Prison Law Office in San Quentin to determine whether that office might provide volunteer counsel for plaintiffs, but following a prompt review by that office of the complaint that office declined to serve as volunteer counsel. The court therein informed plaintiffs that no volunteer counsel could be obtained, reminded them that they had been previously cautioned as to the possible outcome and found the complaint appropriate for service upon Jeanne Woodford, then Director of the formerly named California Department of Corrections, and directed service of the complaint on that defendant.  See Orders, filed on 1/13/06 & 2/24/06.  Defendant Woodford filed a waiver of reply on 4/28/06.

James Tilton, Acting Secretary of the California Department of Corrections and Rehabilitation (CDCR) was substituted in as the official capacity defendant by Order, filed on 9/08/06.  By Order, filed on 10/17/06, plaintiff's motion to be certified for the case to be certified as a class action was denied as deficient.  Ultimately, by order filed on 4/30/07, the claims of all co-plaintiffs, including plaintiff herein, were severed from the complaint filed in Pogue v. Tilton, et al., CIV S-05-1873 MCE GGH P, giving rise to the instant action.  Plaintiff thereafter filed a timely amended complaint; then, prior to the court's screening of the first amended complaint, he \\\\\

(1981).

[2] There was also a claim for money damages for each plaintiff.

1  filed a motion to amend along with a proposed second amended complaint, which motion was

2  granted.

3  Second Amended Complaint

4          This action proceeds upon the second amended complaint, filed on 6/12/07.  The

5  named defendant is James E. Tilton, CDCR Secretary.  Plaintiff, a Muslim, is an inmate at

6  California Medical Facility (CMF)-Vacaville, and alleges that he has been denied a Halal diet,

7  required by the tenets of his Islamic faith.  Second Amended Complaint (SAC), p. 4.[3]  He

8  contends that not being provided a Halal diet violates his First Amendment right to the free

9  exercise of religion, his Fourteenth Amendment equal protection rights, and his rights under

10  RLUIPA.  Id.  His equal protection claim is based on the allegation that Jewish prisoners are

11  permitted kosher diets, and that Muslims are permitted by their religion either kosher meats or

12  meats prepared by Muslims, but he is not allowed the kosher diet at CMF, which he had at

13  Solano State Prison in 2004; plaintiff further contends the vegetarian diet permitted by state

14  regulation is not an adequate substitute.  Id.

15          Although plaintiff concedes that he and other Muslim prisoners are permitted to

16  hold their Friday Jumu'ah prayers in the CMF gym, he believes his constitutional rights, as well

17  as RLUIPA, are violated by the failure of the prison to provide an interfaith worship facility

18  appropriate for Muslims.  SAC, p. 6.  Plaintiff claims that the two CMF chapels are decorated

19  "with religious idols and pictures" appropriate for practitioners of the Christian faith, precluding

20  Muslims from praying within them.  Id.

21  Motion to Dismiss

22          Defendant moves to dismiss this case pursuant to 28 U.S.C. § 1915(g).   28 U.S.C.

23  § 1915 permits any court of the United States to authorize the commencement and prosecution of

24  any suit without prepayment of fees by a person who submits an affidavit indicating that the

25  _____

26          [3] Only the court's electronic pagination is referenced.

3

1   person is unable to pay such fees.  However,

2       [i]n no event shall a prisoner bring a civil action or appeal a
        judgment in a civil action or proceeding under this section if the
3       prisoner has, on 3 or more prior occasions, while incarcerated or
        detained in any facility, brought an action or appeal in a court of
4       the United States that was dismissed on the grounds that it is
        frivolous, malicious, or fails to state a claim upon which relief may
5       be granted, unless the prisoner is under imminent danger of serious
        physical injury.

6

7   28 U.S.C. § 1915(g).

8           Defendant points to, inter alia, two cases wherein plaintiff has previously been

9   barred from bringing any action or appeal pursuant to § 1915(g) for having had three previous

10  strikes, seeking judicial notice of these and other cases, which the court hereby grants, as a court

11  may take judicial notice of court records.[4]  Motion to Dismiss (MTD),  p. 3.  In Ashanti v.

12  California State Bar, et al., CV-02-07886, the Central District of California noted ten federal

13  lawsuits and appeals filed by plaintiff which had been dismissed for being frivolous, malicious or

14  failing to state a claim upon which relief may be granted.  MTD, Exhibit (Ex.) A; see also, MTD,

15  Ex. L, Ashanti v. California Dept. of Corrections, et al., CIV-S-02-0475 LKK DAD P .

16          In a previous case before the undersigned, entitled Ashanti v. Tilton, CIV-S-06-

17  989 GEB GGH P, dismissed on 1/26/07, this court, in an order filed on 6/26/06, noted that

18  plaintiff had filed three prior actions in this district alone which had been dismissed on the

19  grounds that they were frivolous or malicious or failed to state a claim upon which relief may be

20  granted, citing Order filed 5/17/99, in Ashanti v. Daniel, No. CIV S-98-2145 WBS JFM P (E.D.

21  Cal.); Order filed 3/1/00, in Ashanti v. Whitfield, No. CIV S-00-0086 DFL JFM P (E.D. Cal.);

22  and Order filed 6/07/00, in Ashanti v. Amer. Tobacco, No. CIV S-00-0706 LKK JFM P (E.D.

23  Cal.).  MTD, Ex. N.  As to each of these actions, it was noted that plaintiff was incarcerated

24

25      [4] See Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994); MGIC Indem. Co. v. Weisman,
    803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).
26

1    when he brought them and that he did not appeal from the final judgment in any of them.  See

2    Order, filed on 1/26/07, in Case No. CIV-S-06-989 GEB GGH P.  With respect to the instant

3    action, each of the actions noted were dismissed prior to the filing of the instant action, even

4    applying the date of inception of this action not from the filing date of this severed action, on

5    4/30/07, but on the earlier filed date of the underlying original complaint, CIV-S-05-1873 MCE

6    GGH P, on 9/19/05, as previously set forth.

7            However, as plaintiff points out in his opposition, when the action was originally

8    filed as Pogue v. Woodford, et al., CIV-S-05-1873 MCE GGH P, and prior to severance into

9    separate cases, the undersigned had previously granted plaintiffs in forma pauperis status.

10   Opposition (Opp.), p. 3; see Order, filed on 10/13/05 (# 5).  Plaintiff Pogue was assessed the

11   statutory filing fee and a separate order was filed, also on 10/13/05 (# 6), to the CDC director,

12   directing payment of the filing fee.  In reply, defendant does not directly address this point,

13   contending instead that the issue is whether or not plaintiff is a three-striker and arguing,

14   correctly, that to the extent that plaintiff seeks to assert the merits of the instant action to defeat

15   the motion, plaintiff's argument is not well-taken.  See Reply.

16           Nevertheless, in this instance, a filing fee was assessed in the original action as

17   noted above.  In the Order, filed on 4/30/07, severing this plaintiff's (and the other co-plaintiffs')

18   claims from the original action, the undersigned expressly noted that plaintiffs had previously

19   been granted leave to proceed in forma pauperis.  See Docket # 30, pp. 1, 4, 5.  While in forma

20   pauperis status may be acquired and lost during the course of litigation, Stehouwer v. Hennessey,

21   841 F. Supp. 316, 321 (N.D. Cal., 1994), vacated on other grounds by Olivares v. Marshall, 59

22   F.3d 109 (9th Cir. 1995), in this instance in forma pauperis status was granted in the original

23   action in 2005, and an initial filing fee assessed at that time as to plaintiff Pogue.  Thereafter,

24   before ultimately severing the claims of the parties in 2007, the court reiterated that all the

25   plaintiffs had been granted in forma pauperis status.  Had plaintiff originated this action by

26   himself, there is little doubt that he would have been barred from proceeding under § 1915(g) and

1 would have been required to pay the entire filing fee at the outset, there being no applicable

2 "imminent danger of serious physical injury" applicable in the context of these claims.

3 However, the court will not now recommend revocation of in forma pauperis status in 2008, for

4 claims initiated in 2005, for which in forma pauperis status had been granted.  The undersigned

5 will recommend denial of the defendant's motion to dismiss.

6 <u>Plaintiff's motion for a scheduling order/preliminary injunction</u>

7         Plaintiff filed a document wherein plaintiff combines requests for a scheduling

8 order and a motion for preliminary injunctive relief, as well as a supplemental motion in support

9 of his requests.  A scheduling order will issue at the appropriate point in this action; however, at

10 this time, the court will deny plaintiff's requests for a scheduling order setting the litigation dates.

11 As for plaintiff's motion for preliminary injunctive relief, wherein plaintiff asks that defendant be

12 enjoined, while this action is pending, to permit plaintiff a kosher diet and to provide plaintiff

13 and other CMF Muslims with an "independent place of worship, " the court has determined that

14 prior to adjudication of these requests, defendant must provide a response.  See Motion (Docket

15 # 13) & Supp. Motion (Docket # 16).

16         Accordingly, IT IS ORDERED that:

17         1.  Plaintiff's motion for a scheduling order, filed on 3/19/08 (#13), is denied at

18 this time, as is his supplemental motion for issuance of a scheduling order, filed on 5/07/08

19 (#16).

20         2.  As to plaintiff's 3/19/08 (#13), motion for a preliminary injunction,

21 supplemented by a filing on 5/07/8 (# 16), defendant is directed to file a response by February 6,

22 2009, for which the exigencies of the court's calendar will permit **no extension of time**.

23         IT IS RECOMMENDED that:

24         1.  Defendant's motion to dismiss as barred by the three-strikes provision of 28

25 U.S.C. § 1915(g), filed on 3/18/08 (#12), be denied; and

26 \\\\\\

1        2.  Defendant be directed to file an answer within twenty days following adoption

2  of these Findings and Recommendations, should that occur.

3        These findings and recommendations are submitted to the United States District

4  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

5  days after being served with these findings and recommendations, any party may file written

6  objections with the court and serve a copy on all parties.  Such a document should be captioned

7  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

8  shall be served and filed within ten days after service of the objections.  The parties are advised

9  that failure to file objections within the specified time may waive the right to appeal the District

10  Court's order.  Martinez v.  Ylst, 951 F.2d 1153 (9th Cir. 1991).

11  DATED: 01/23/09

12                                                  /s/ Gregory G. Hollows

13                                                  _____
                                                    UNITED STATES MAGISTRATE JUDGE

14  GGH:009
    asha0807.mtd