IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ASKIA S. ASHANTI,

    Plaintiff,                    No. CIV S-07-0807 MCE GGH P

    vs.

JAMES E. TILTON,               ORDER &

    Defendant.             FINDINGS AND RECOMMENDATIONS

_____/

Introduction

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By Order, filed on 1/23/09, this court directed defendant to file a response to plaintiff's motion for a preliminary injunction, filed on 3/19/08 (docket #13), supplemented by a filing on 5/07/8 (# 16), by 2/06/09, which defendant has done.

Second Amended Complaint[1]

        This action proceeds upon the second amended complaint, filed on 6/12/07. The named defendant is James E. Tilton, CDCR Secretary. Plaintiff, a Muslim, is an inmate at California Medical Facility (CMF)-Vacaville, and alleges that he has been denied a Halal diet,

---

[1] The court originally summarized plaintiff's allegations in the Order and Findings and Recommendations, recently filed on 1/23/09 (# 17).

1

required by the tenets of his Islamic faith. Second Amended Complaint (SAC), p. 4.[2] He contends that not being provided a Halal diet violates his First Amendment right to the free exercise of religion, his Fourteenth Amendment equal protection rights, and his rights under the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA). Id. His equal protection claim is based on the allegation that Jewish prisoners are permitted kosher diets, and that Muslims are permitted by their religion either kosher meats or meats prepared by Muslims, but he is not allowed the kosher diet at CMF, which he had at Solano State Prison in 2004; plaintiff further contends the vegetarian diet permitted by state regulation is not an adequate substitute. Id.

Although plaintiff concedes that he and other Muslim prisoners are permitted to hold their Friday Jumu'ah prayers in the CMF gym, he believes his constitutional rights, as well as RLUIPA, are violated by the failure of the prison to provide an interfaith worship facility appropriate for Muslims. SAC, p. 6. Plaintiff claims that the two CMF chapels are decorated "with religious idols and pictures" appropriate for practitioners of the Christian faith, precluding Muslims from praying within them. Id. Plaintiff seeks declaratory and injunctive relief, as well as money damages.

Motion for Preliminary Injunction

Plaintiff moves for preliminary injunctive relief, wherein plaintiff asks that defendant be enjoined, while this action is pending, to permit plaintiff a kosher diet and to provide plaintiff and other CMF Muslims with an "independent place of worship." See Motion (Docket # 13) & Supp. Motion (Docket # 16).

*Preliminary Injunction Standard*

The legal principles applicable to a request for preliminary injunctive relief are well established. "The traditional equitable criteria for granting preliminary injunctive relief are: 1) a

---

[2] Only the court's electronic pagination is referenced.

strong likelihood of success on the merits, 2) the possibility of irreparable injury to plaintiff if the preliminary relief is not granted, 3) a balance of hardships favoring the plaintiff, and 4) advancement of the public interest (in certain cases)." Dollar Rent A Car v. Travelers Indem. Co., 774 F.2d 1371, 1374 (9th Cir. 1985). The criteria are traditionally treated as alternative tests. "Alternatively, a court may issue a preliminary injunction if the moving party demonstrates 'either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor.'" Martin v. International Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984) (quoting William Inglis & Sons Baking Co. v. ITT Continental Baking Co., 526 F.2d 86, 88 (9th Cir. 1975)). The Ninth Circuit has reiterated that under either formulation of the principles, if the probability of success on the merits is low, preliminary injunctive relief should be denied:

> Martin explicitly teaches that "[u]nder this last part of the alternative test, even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits."

Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (quoting Martin, 740 F.2d at 675).

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

*Discussion*

In response to plaintiff's motion, defendant contends that plaintiff's motion should be denied because the Catholic or Protestant chapels to which plaintiff, a Muslim, claims he is limited for worship services no longer exist but instead have been converted into two interfaith meeting areas available to all religious groups, with the Protestant chapel having been converted into Chapel A and the Catholic chapel having become Chapel B. Opposition (Opp.), pp. 2, 5;

1 Declaration of P. Mirich[3] in support of Opp. Defendant maintains that plaintiff is not compelled to look at Catholic or Protestant religious icons or symbols because all such religious items used in worship and teaching services have to be removed or covered after completion of each chapel service. Id. Defendant avers that currently Muslim inmates have been provided with their own areas in Chapel B and services are held in the chapels with the exception of Jum'ah and Ramadan, which are held in the gymnasium due to the need for space to lay out the required worhsip service prayer mats. Opp., p. 5; Mirich Dec., ¶ 8. Muslim inmates may also pray quietly or read the Koran in their cells or elsewhere in the facility, according to defendant. Id.

As to plaintiff's request to be permitted a kosher diet, defendant states that under current regulations, CAL. CODE REGS. tit.xv, § 3054,[4] there are two religious diet options afforded inmates: vegetarian and kosher.[5] Opp., pp. 3-4; Mirich Dec., ¶ 3. CAL. CODE REGS. tit.xv, § 3054.2(a) provides that" "Jewish kosher meals shall be available at designated institutions. Jewish inmates may participate in the program, as determined by a Jewish chaplain." Id. As only a Jewish chaplain shall determine an inmate's eligibility for the kosher diet program, under CAL. CODE REGS. tit.xv, § 3054.2(g), only Jewish inmates may be considered for participation in the diet, per the Jewish chaplain. Id. However, while current prison regulations prevent plaintiff, a stated Muslim, from participating in the kosher diet, plaintiff could have requested participation in the religious vegetarian diet program. Opp., p. 3; Mirich Dec., ¶ 4.

\\\\\

---

[3] CDCR lieutenant and, as of February, 2008, CMF Community Partnership Manager, at CMF, according to Mirich Dec., ¶ 1. Mirich's responsibilities include responding to inmate grievances concerning religious issues "and coordinating and implementing religious programs for the inmate religious groups." Id., at ¶ 2.

[4] Defendant, evidently erroneously, also references § 3043, concerning the earning of credits, which appears to have no bearing on this case.

[5] "There shall be at least two distinct religious diet options: (1) Vegetarian. (2) Jewish kosher." CAL. CODE REGS. tit.xv, § 3054(e).

4

Further, defendant notes that, as of January, 2009, CDCR has issued a notice of change or regulations as to the following: Cal. Code Regs. tit.xv, §§ 3054, 3054.1,[6] 3054.3, 3054.4, 3054.5, 3054.6 and 3054.7.[7] Opp., p. 3; Mirich Dec., ¶ 5, Exhibit A, copy of CDCR notice of change of regulations & notice of proposed regulations. Thus, a Halal meat option is a planned third dietary option for inmates, which would be available for Muslim and other inmates with a religious requirement or need for Halal meat, as a Muslim chaplain determines. Opp., pp. 3-4; Mirich Dec., ¶ 5. The public hearing will be held on 3/10/09, after which, upon final approval and implementation of the Halal meat option, plaintiff may seek to participate in the program. Opp., p. 4; Mirich Dec., ¶ 6, Exhibit A.

Plaintiff has attached exhibits showing that he was apparently permitted kosher meals in 2004 at CSP-Solano; plaintiff's name also appears on a list of inmates in a 3/16/05 memorandum re: kosher meals at Sierra Conservation Center (SCC) directed to the "Jewish and Muslim Community."[8] Motion, pp. 59-61. The 6/28/04 memorandum indicates that a Jewish chaplain at CSP-Solano had found that plaintiff was among those inmates who were determined to be eligible for the kosher diet program list for having "a genuine religious interest in the diet." Motion, p. 59. Plaintiff maintains that although he was permitted kosher meals at CSP-Solano in 2004, upon his transfer to SCC, "a non-kosher prison," kosher meals were not available there from December, 2004, through November, 2005. Motion, p. 6. When plaintiff later transferred to CMF in November, 2005, a kosher diet was not yet available, but when the kosher diet program was implemented there, he was refused entry to the program by the rabbi there on grounds of plaintiff's being Muslim, not Jewish. Plaintiff's administrative appeals on this subject were

---

[6] Under Cal. Code Regs. tit.xv, § 3054.1, "[r]eligious vegetarian meals shall be available at all institutions."

[7] The court cannot locate Cal. Code Regs. tit.xv, § 3054.7 in the Westlaw database.

[8] While these documents are not formally authenticated, they are also attached to plaintiff's second amended complaint (SAC, Exhibits B-10 & B-11), and defendant has not challenged their authenticity.

5

denied through the director's level, as was his request for reconsideration directed to the defendant. Motion, pp. 6-7, 51.

This court's review of this circuit's recent case law indicates that, as to plaintiff's allegation that being deprived of a Halal diet, or in the alternative, a kosher diet, violates his constitutional rights or his rights under RLUIPA, is a claim upon which he has a reasonable likelihood of success on the underlying merits. See Shakur v. Shapiro, 514 F.3d 878 (9th Cir. 2008) (reversing district court's grant of summary judgment for defendants, and remanding, on Muslim prisoner's claim of violation of his rights under the First (free exercise claim) and Fourteenth Amendments (equal protection claim), as well as under RLUIPA, by prison's refusal to grant him a kosher diet, only permitting him access to a vegetarian diet to avoid non-Halal meat).[9]

Moreover, defendant, while indicating that there will shortly be a public hearing on a proposed change of regulation which would permit prisoner access to a Halal-meat diet, there is no indication as to how soon this accommodation might actually be implemented. Nor does defendant address the inconsistency of plaintiff having previously been granted access to the kosher diet program by a Jewish chaplain, but later denied by an apparently different rabbi at another prison for what may have been wholly arbitrary reasons. Although defendant argues that as a Muslim, plaintiff does not qualify for a kosher meal, this does not explain why he was previously permitted access to the program at a different prison, nor does it adequately address a practice that appears to be discriminatory on its face with respect to Muslim prisoners.

In light of this court's finding that as to the merits of his underlying claim with respect to his dietary claim he has a reasonable likelihood of success, plaintiff has made an adequate showing of irreparable harm, or at least that the balance of hardships tip in his favor. It

---

[9] There is a distinction of the plaintiff in Shakur, supra, from plaintiff herein in that inmate Shakur also claimed that the vegetarian diet alternative caused him gastrointestinal discomfort. Shakur, supra, at 882, 885, 889.

1  is possible by the time this matter should proceed to trial, the claim could have been rendered
2  moot by successful implementation of the proposed prison regulation dietary modification
3  identified by defendant, the lack of specificity as to the timing of implementation of the
4  modification leaves plaintiff without access to a meat alternative for an unknown period.
5          As noted above, under 18 U.S.C. § 3626(a)(2), any preliminary injunction
6  involving prison conditions "must be narrowly drawn, extend no further than necessary to correct
7  the harm the court finds requires preliminary relief, and be the least intrusive means necessary to
8  correct the harm." 18 U.S.C. § 3626(a)(2). The Ninth Circuit, while analyzing plaintiff's free
9  exercise claim, found that the prison could conclude rationally that denying Muslim prisoners
10 kosher meals would make its food service simpler and reduce costs, thus slightly favoring the
11 prison on the question of whether there was a legitimate penological interest rationally related to
12 the prison's existing regulation, the court also noted that "the marginal cost of adding Shakur to
13 the roster of kosher-diet inmates would be small or even negligible...." Shakur, supra, at 886.
14 Moreover, this court finds any order enjoining defendant to provide plaintiff with a kosher diet as
15 imposing a de minimis burden, particularly in light of plaintiff's showing that he had previously
16 been determined to have been eligible to participate in the kosher diet program in 2004 at CSP-
17 Solano.
18         Therefore, this court will recommend granting plaintiff's motion for preliminary
19 injunctive relief as to his dietary claim in the form of plaintiff's being provided with a kosher diet
20 alternative forthwith, an injunction that places on defendant the least burden the court can discern
21 while meeting plaintiff's need.
22         On the other hand, plaintiff is not at all persuasive at this stage with his argument
23 for an independent place of worship for Muslims. Plaintiff contends that most Muslim services
24 now take place in the gym because it is deemed "blasphemy" to hold Islamic religious services in
25 a place where "graven images/idols" are displayed. Motion, pp. 9-10. In light of defendant's
26 representation that the chapels have been converted into interfaith meeting areas, that certain areas

within one of the chapels serve Muslim inmates, where all Islamic services besides Jum'ah and Ramadan are held (those being held in the gym due to space requirements), and any religious artifacts are covered or removed when a service by any faith is completed (Opp., pp. 4-5, Mirich Dec, ¶¶, 7-8), the likelihood of plaintiff's success on the merits of this claim are much murkier, and plaintiff has shown neither irreparable harm or a balance of hardships tipping in his favor with respect to this portion of his injunctive relief request.  The court will recommend denial of this portion of his plaintiff's motion.

Miscellaneous

Although no party references it, defendant Tilton is no longer CDCR Secretary. Therefore, pursuant to Fed. R. Civ. P. 25(d), the undersigned will order that the current CDCR Secretary, Matthew Cate, be substituted in as the official capacity defendant in this case.

Accordingly, IT IS ORDERED that, pursuant to Fed. R. Civ. P. 25(d), CDCR Secretary Matthew Cate is substituted in as the official capacity defendant in this action.

IT IS RECOMMENDED that plaintiff's motion for a preliminary injunction, filed on 3/19/08 (docket #13), supplemented by a filing on 5/07/8 (# 16), be granted in part and denied in part, as follows:   Granted as to plaintiff's request that he be provided a kosher diet and defendant be directed to provide plaintiff with a kosher diet forthwith; and

Denied as to plaintiff's request for further accommodation with regard to an independent place of worship.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised

\\\\\

that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 02/18/09

/s/ Gregory G. Hollows

_____
UNITED STATES MAGISTRATE JUDGE

GGH:009
asha0807.pi