1

2

3

4

5

6                           IN THE UNITED STATES DISTRICT COURT

7                         FOR THE EASTERN DISTRICT OF CALIFORNIA

8   ASKIA S. ASHANTI,

9              Plaintiff,                        No. CIV S-07-0807 MCE GGH P

10       vs.

11  JAMES E. TILTON,

12             Defendant.                        ORDER

13  _____/

14          Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C.

15  § 1983.  In response to this court's denial of defendant Matthew Cate's third request for an

16  extension of time to serve responses to plaintiff's discovery requests (and direction that

17  defendant file his responses by a date certain and without objection), in addition to filing a

18  motion for reconsideration appropriately directed to the district judge, inappropriately seeks to

19  circumvent the assigned magistrate judge by also directing a belated motion for a protective order

20  to limit the scope of discovery to the district judge.  See Local Rule 72-302(c) (17).

21          As is well known by defendants' counsel, prisoner cases such as this one are

22  referred for all pretrial purposes to the magistrate judges of this district.  Id..  Dispositive motions

23  are ruled upon by findings and recommendations subject to de novo review; non-dispositive

24  motions are ruled upon by order subject to reconsideration by the district judge.  A motion for a

25  discovery protective order does not go to the merits of this action and should not, in the first

26  instance, be directed to the district judge. Nor is it permissible to attempt to use the

1

1  reconsideration process as a means by which to raise matters only properly brought in the first

2  instance before the magistrate judge.  The protective order motion should be stricken on that

3  basis.

4         It should also be stricken because it is belated.  Nothing precluded counsel for the

5  defendant from seeking a protective order earlier, asserting, inter alia, that the requests were

6  overbroad, rather than simply submitting repeated requests for extensions of time, apparently

7  expecting a continued court "bailout," relieving the defendant of his obligation to respond to

8  discovery requests on a reasonably timely basis.  As the record shows, defendants' counsel asked

9  for multiple extensions, received them, and ignored the order of the court to finally answer by a

10 time certain as well as the undersigned's direction that no further extensions would be approved.

11 It may be that plaintiff's requests are overbroad, but defendants' counsel cannot default on

12 discovery obligations, yet expect the undersigned to rule in their favor nonetheless because-- this

13 is a "prisoner case."  Moreover, that this court has yet to rule on plaintiff's pending motion for

14 leave to file a third amended complaint has little bearing on whether or not defendant Cate is

15 capable of providing discovery responses, where he is the sole defendant within the operational

16 second amended complaint (and one of three named defendants within the proposed third

17 amended complaint).

18         Accordingly, IT IS ORDERED that the Clerk of the Court is to strike defendant's

19 motion for a protective order, filed on September 10, 2009 (docket # 54), from the docket of this

20 case.

21 DATED: September 17, 2009

22                                                        /s/ Gregory G. Hollows

23                                                        _____
                                                         UNITED STATES MAGISTRATE JUDGE

24 GGH:009
   asha0807.str

25

26

2