IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ASKIA S. ASHANTI,

    Plaintiff,                      No. CIV S-07-0807 MCE GGH P

    vs.

JAMES E. TILTON,

    Defendant.                    FINDINGS AND RECOMMENDATIONS

_____/

        By Order, filed on March 4, 2010, this case was dismissed with prejudice, pursuant to the stipulation by counsel for the parties, under Fed. R. Civ. P. 41(a)(1)(A)(ii). Thereafter, plaintiff pro se filed a motion for relief from judgment/motion for withdrawal from the voluntary dismissal, purportedly pursuant to Fed. R. Civ. P. 60(b).

        Under Rule 60(b), a party may seek relief from judgment and to re-open his case in limited circumstances, "including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528, 125 S. Ct. 2641, 2645-46 (2005). "Motions for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure are addressed to the sound discretion of the district court." Allmerica Financial Life Insurance and Annuity Company v. Llewellyn, 139 F.3d 664, 665 (9th Cir. 1997).

        Plaintiff includes a copy of the stipulation for voluntary dismissal with prejudice signed by counsel for all parties (which was originally filed in this court on February 25, 2010

1

1  (docket # 74)), and a copy of the settlement agreement signed by plaintiff himself and an
2  individual on behalf of CDCR and defendant Cate.  Exhibit A to Motion (docket # 77), pp. 4-8.
3  By his motion, plaintiff pro se alleges that the settlement agreement to which all parties
4  stipulated has been breached, inasmuch as, he claims, his transition from a three-meal a day
5  Kosher diet to a Halal diet has been limited to one dinner meal being a Halal meat diet with a
6  vegetarian breakfast and lunch diet.  Motion, pp. 7-9.

7  Plaintiff provides no basis for the court's continuing jurisdiction in this matter and
8  the court's review of the settlement agreement plaintiff provides indicates therein no provision
9  for a basis for the court's continued jurisdiction.  O'Connor v. Colvin, 70 F.3d 530, 531 (9th Cir.
10 1995), citing Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 114 S. Ct. 1673,
11 1676-77 (1994), stated:

> [T]he Supreme Court held that federal courts do not have inherent
> or ancillary jurisdiction to enforce a settlement agreement simply
> because the subject of that settlement was a federal lawsuit. When
> the initial action is dismissed, federal jurisdiction terminates.  *Id*.
> A motion to enforce the settlement agreement, then, is a separate
> contract dispute requiring its own independent basis for
> jurisdiction.  *Id*.

16 Plaintiff's motion should be denied.

17 Accordingly, IT IS RECOMMENDED that plaintiff's Rule 60(b) motion for relief
18 from judgment/motion for withdrawal from the voluntary dismissal, filed on November 5, 2010
19 (docket # 77), be denied.

20 These findings and recommendations are submitted to the United States District
21 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
22 days after being served with these findings and recommendations, any party may file written
23 objections with the court and serve a copy on all parties.  Such a document should be captioned
24 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
25 shall be served and filed within fourteen days after service of the objections.  The parties are
26 \\\\\

advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 25, 2011

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
asha0807.ord.